UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOWN & COUNTRY PARTNERS, | Case No. SA CV 15-01743-JVS (KESx) |
| Plaintiff, | ORDER REMANDING CASE TO STATE COURT |
| vs. | |
| ANNA ZARCO, DOES 1-10, | |
| Defendants. | |

The Court *sua sponte* REMANDS this action to the California Superior Court for the County of Orange for lack of subject matter jurisdiction, as set forth below.

On October 28, 2015, Anna Zarco (hereinafter referred to as "Defendant"), having been sued in an unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented an application to proceed *in forma pauperis*. (Dkt. Nos. 1, 4.) In the Notice, Defendant contends that she is entitled to remove the case pursuant to 28 U.S.C. § 1443(1) because she has been deprived of her right to due process and equal protection by the application of California statutory provisions authorizing evictions in unlawful

1

detainer proceedings.  (Dkt. No.1 at 7.[1] )  Specifically, Defendant contends that Plaintiff has violated her rights under 42 U.S.C. §§ 1981 and 1982. (Id.)

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great Northern R. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. AbregoAbrego v. Dow Chemical Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67."Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th

---

[1] All citations to the Notice are to the CM/ECF pagination.

1  Cir. 1988).

2        **A.**    **Federal Question Jurisdiction**

3        The underlying action is an unlawful detainer proceeding, arising under and

4  governed by the laws of the State of California. Defendant and Plaintiff entered into

5  a commercial building lease. (Dkt. No. 1 at 26-31.)The state-court Complaint does not

6  include any claim "arising under the Constitution, laws, or treaties of the United

7  States." 28 U.S.C. § 1331. Federal defenses or federal counterclaims do not provide

8  a basis to remove an action which does not otherwise establish federal jurisdiction.

9  "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for

10  relief and not on anticipated defenses to those claims." <u>ARCO Envtl. Remediation,</u>

11  <u>L.L.C. v. Dept. of Health and Envtl. Quality</u>, 213 F.3d 1108, 1113 (9th Cir. 2000). An

12  "affirmative defense based on federal law" does not "render[] an action brought in

13  state court removable." <u>Berg v. Leason</u>, 32 F.3d 422, 426 (9th Cir. 1994). A "case

14  may not be removed to federal court on the basis of a federal defense . . . even if the

15  defense is anticipated in the plaintiff's complaint, and even if both parties admit that

16  the defense is the only question truly at issue in the case." <u>Franchise Tax Bd. v.</u>

17  <u>Construction Laborers Vacation Trust</u>, 463 U.S. 1, 14 (1983). There is no basis for

18  federal question jurisdiction.

19        **B.**    **Diversity Jurisdiction**

20        There is also no basis for diversity jurisdiction. Every defendant is not alleged

21  to be diverse from every plaintiff. 28 U.S.C. § 1332(a). The Complaint does not allege

22  damages in excess of $75,000, and Defendant has not shown, by a preponderance of

23  the evidence, that the amount in controversy requirement has been met. <u>Id.</u>; <u>Abrego</u>

24  <u>Abrego</u>, 443 F.3d at 683. It is also apparent from the state-court records that the

25  underlying unlawful detainer action is a limited civil action that does not exceed

26  $25,000. (Dkt. No.1 at 8, 18-35.) Indeed, Defendant admits, "<u>THIS IS NOT BASED</u>

27  on grounds of diversity of citizenship, amount in controversy in excess of $75,000

28  does not apply." (<u>Id</u>. at 8, 14.)

1    **C.    28 U.S.C. § 1443**

2    Section 1443(1) permits a defendant in state cases to remove the proceedings

3    to the federal district courts when a defendant is denied or cannot enforce in the courts

4    of such State a right under any law providing for the equal civil rights of citizens in

5    the United States. In order to successfully remove, the defendant must satisfy a two-

6    prong test: (1) the rights allegedly denied must arise under a federal law providing for

7    specific civil rights stated in terms of racial equality; and (2) the defendant must be

8    denied or unable to enforce the rights in state courts. Johnson v. Mississippi, 421 U.S.

9    213, 219 (1975); City of Greenwood,Miss. v. Peacock, 384 U.S. 808, 827-28 (1966);

10   Georgia v. Rachel, 384 U.S. 780, 792 (1966).

11   Under the first prong, constitutional or statutory provisions of general

12   applicability or under statutes not protecting against racial discrimination will not

13   suffice. Johnson, 421 U.S. at 219. Under the second prong, a defendant's federal

14   rights are left to the state courts except in rare situations where it can be clearly

15   predicted that those rights will inevitably be denied by the very act of bringing the

16   defendant to trial in state court. Peacock, 384 U.S. at 828.

17   While a violation of 42 U.S.C. §§ 1981 and 1982 may satisfy the first prong of

18   this test, Defendant cannot satisfy the second. Defendant alleges that she is being

19   discriminated against as a "female minority" and deprived of her rights to due process

20   and equal protection by the application of California statutory provisions authorizing

21   evictions in unlawful detainer proceedings. (Dkt. No. 1 at 4, 7.) She also asserts that

22   she will be unable to raise her federal claims in state court because state courts just

23   "rubberstamp" landlord's requests for relief. (Id. at 8-13.) These bare assertions are

24   insufficient to invoke the Court's jurisdiction. Defendant "must assert that the state

25   courts will not enforce [a specified federal] right, and that allegation must be

26   supported by reference to a state statute or a constitutional provision that purports to

27   command the state courts to ignore the federal rights." People of State of California

28   v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). Defendant has failed to identify any

4

specific state statute or constitutional provision that commands the state courts to ignore her federal rights[2]. See <u>HSBC Bank USA v. Kubik</u>, No. 13-1692, 2013 WL 1694670, at *3 (C.D. Cal. Apr.16, 2013) ("Defendant Kubik does not, and cannot, identify any California state law or constitutional provision that commands state courts to ignore an amendment to the U.S. Constitution."). Moreover, the allegations she does make are entirely conclusory in nature. Section 1443(1) will not provide jurisdiction where allegations of discrimination are conclusory and lacking factual basis. See <u>Bogart v. California</u>, 355 F.2d 377, 380-81 (9th Cir. 1966). Consequently, removal is not proper under § 1443(1).

### D. **Conclusion**

This Court does not have subject matter jurisdiction over this case. IT IS THEREFORE ORDERED that this matter be REMANDED to the Superior Court of the State of California for the County of Orange.

DATED: November 18, 2015

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

---

[2] To the extent Defendant relies on California Civil Code §2924 in support of her allegation that she cannot enforce her equal protection and due process rights in the state court (Dkt. No. 1 at 7), she is mistaken. California Civil Code §2924 governs the private power of sale in a deed of trust and does not violate the constitutional guarantees of due process and equal protection. See <u>Strutt v. Ontario Savings and Loan Association</u>, 28 Cal. App. 3d 866, 877 (1972).